IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BERES, | No. C 08-4683 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| MATTHEW KATES, Secretary, California Department of Corrections, et al., | |
| Defendants. | (Docket No. 6) |

On October 9, 2008, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is plaintiff's motion for appointment of counsel.

There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections

Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

Accordingly, plaintiff's motion for appointment of counsel (Docket No. 6) is hereby DENIED.

This order terminates Docket No. 6.

**IT IS SO ORDERED.**

DATED: October 30, 2009

MAXINE M. CHESNEY
United States District Judge